# NO. 12-24-00170-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***ALYSSA BODIN,*** <br> ***APPELLANT*** | *§* | *APPEAL FROM THE* |
| ***V.*** | *§* | *COUNTY COURT AT LAW NO. 1* |
| ***THE STATE OF TEXAS,*** <br> ***APPELLEE*** | *§* | *MCLENNAN COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Alyssa Bodin appeals her conviction for assault causing bodily injury.[1]  Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We affirm.

### BACKGROUND

Appellant was charged by information with assault causing bodily injury.[2]  She pleaded "not guilty," and the matter proceeded to a jury trial.  At trial, Ginger Haug testified that she was Appellant's roommate.  On October 16, 2021, Haug did not have her own vehicle, but the women had arrangements which allowed Haug to use Appellant's vehicle.  However, the women had a disagreement over the use of the vehicle and Appellant pushed Haug facedown onto a bed.

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] *See* TEX. PENAL CODE ANN. §§ 22.01 (West Supp. 2024) (defining assault and classifying it as a Class A misdemeanor); 12.21 (West 2019) (defining Class A misdemeanor punishment range as no more than one year).

Appellant had a knee on Haug's back and a hand on her shoulder. Haug testified that the position of her face on the bed made it difficult for her to breathe. While Haug was on the bed, she had a keychain wrapped around her finger. Appellant pulled on the keychain, cracking Haug's finger and breaking the keychain. Haug "bucked" Appellant off, but Appellant pushed her back down. Appellant then put a knee on Haug's chest and an elbow on her throat and began hitting Haug's face with the keys. Haug testified that the entire interaction was painful, and she eventually had surgery on her broken finger. Appellant testified in her defense, stating that Haug kicked her in the face. She claimed that she had to restrain Haug to avoid being kicked again. The jury ultimately found Appellant "guilty," and sentenced her to 180 days confinement. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[3] We have likewise reviewed the record for reversible error and have found none.

### CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted* and the trial court's judgment is *affirmed*.

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief. The time for filing such a brief has expired, and no pro se brief has been filed.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review on her behalf or she must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 9, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 9, 2024**

**NO. 12-24-00170-CR**

**ALYSSA BODIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No 1

of McLennan County, Texas (Tr.Ct.No. 2022-2401-CR1)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*